FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0708

_____

AVIS BROWN,

     Appellant,

     v.

STATE OF FLORIDA, DEPARTMENT
OF MANAGEMENT SERVICES,
DIVISION OF RETIREMENT,

     Appellee.

_____

On appeal from the Department of Management Services.
Pedro Allende, Secretary.

May 29, 2024

PER CURIAM.

Appellant challenges the final order of the Florida Department of Management Services, Division of Retirement, finding that Appellant is not entitled to additional retirement benefit payments from her late former husband's Florida Retirement System (FRS) account. Because Appellant fails to establish a statutory ground to set aside the final order, we must affirm. *See* § 120.68(8), Fla. Stat. (2023).

The facts were undisputed. Appellant's former husband retired on July 1, 1998. Under section 121.091(6)(a), Florida Statutes (1998), governing payout options for FRS pension plan

retirees, the former husband chose option 2 and named Appellant as his beneficiary. Option 2 provides that a monthly retirement benefit will be paid to the retiree for life, but if the retiree dies during the first ten years after retirement, then the beneficiary receives "the same monthly amount payable for the balance of such 10-year period." § 121.091(6)(a)2., Fla. Stat.

As required by section 121.091(6)(a), Appellant was "notified of" and "acknowledge[d] such election" made by the former husband by signing at the appropriate line on her former husband's FRS application for retirement. That application listed all four retirement options available to the former husband and the benefits, if any, Appellant would receive upon his death. *See* § 121.091(6)(a)1.–4., Fla. Stat.

Appellant's marriage to the former husband was dissolved in 2003 and the Qualified Domestic Relations Order (QDRO) entered by the court required that Appellant remain the designated beneficiary for purposes of the former husband's FRS retirement benefit. Under the QDRO, the former husband was prohibited from removing Appellant as the beneficiary of his retirement account during Appellant's lifetime. However, the QDRO did not and could not change benefits accrued under section 121.091(6)(a)2., including the ten-year window for a survivor benefit elected by the former husband. *See* § 121.011(3)(d), Fla. Stat. (stating that "the rights of members of the retirement system established by this chapter are declared to be of a contractual nature").

June 2008 was ten years from the former husband's retirement date. At this point, section 121.091(6)(a)2. no longer provided for any survivor benefits upon the death of the former husband. The former husband died in 2017, more than nineteen years after his retirement date, and the retirement benefits payable to him expired upon his death. Thus, no retirement benefits were payable to Appellant under section 121.091(6)(a)2.

The Department did not misinterpret section 121.091 or any administrative rule promulgated to carry out the statute. *See* § 120.68(7)(d)–(e), Fla. Stat. The agency final action is therefore

AFFIRMED.

B.L. THOMAS, BILBREY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Antonio G. Hernández of Antonio G Hernández PA, Coral Gables, for Appellant.

Kristen Larson, General Counsel, James Burkhart, Assistant General Counsel, and Lee Damessous, Managing Attorney, Department of Management Services, Tallahassee, for Appellee.